Frank SEGADE, Petitioner—Appellant,

v.

Anthony LAMARQUE, Warden; Corcoran Prison; Attorney General of the State of California, Respondents—Appellees.

No. 01–16575.

D.C. No. CV–97–05500–REC(LJO).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2003.

Decided Feb. 4, 2003.

Before HUG, ALARCON, and GRABER, Circuit Judges.

## MEMORANDUM *

Frank Segade ("Petitioner"), a California prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of appellate review to those issues specified in the Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1102–03 (9th Cir. 1999) (per curiam). COAs are granted on an issue-by-issue basis. Thus, appellate review is limited to certified issues alone. *Id.*

After denying the writ, the district court issued a COA sua sponte "with respect to each of petitioner's claims of denial of effective assistance of counsel raised in petitioner's petition for writ of habeas corpus." Those claims included the following: 1) counsel failed to present evidence on whether Petitioner could hear the victim say he was going to the bank to get money; 2) counsel failed to present evidence that the victim had been aggressive with a stranger in the past; 3) counsel undermined Petitioner's credibility by contradicting his testimony; 4) counsel failed to present evidence that the victim's death was due in part to a prior injury; 5) counsel failed to present evidence that Petitioner had used cocaine and methamphetamine; and 6) counsel failed to object to evidence that Petitioner threatened a witness.

On appeal, Petitioner contends that the district court abused its discretion by denying Petitioner's requests for appointed counsel. Additionally, Petitioner argues that the district court erred by denying Petitioner leave to amend the petition to include a newly exhausted ground of ineffective assistance of counsel, in finding that the limitations period was not tolled, and by analyzing the ineffective assistance of counsel claims individually, without resolving material factual disputes.

As noted, appellate review is limited to the issues for which a COA has been granted. *Hiivala*, 195 F.3d at 1103. Because appellate review is limited to the issue specified in the COA, we may not consider the due process question of whether Petitioner was previously entitled to habeas counsel or the other complained of procedural errors.

With respect to the issue specified in the COA, that being Petitioner's various ineffective assistance of counsel claims raised in his petition, it must fail if Petitioner cannot show that his counsel erred or that any errors committed by his counsel resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although it is possible that some of the trial counsel's tactics were unwise, Petitioner has failed to demonstrate that any of the asserted errors resulted in prejudice.

Because Petitioner has failed to show that he was prejudiced by the complained of errors and the other issues argued by the Petitioner are outside the scope of the COA, the judgment of the district court is AFFIRMED.

[black rectangle]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.